(48 App. Div. 388.)

### GILLETT v. DEPUY et al.

(Supreme Court, Appellate Division, Third Department. March 7, 1900.)

**I. PAYMENT—APPLICATION.**

In the absence of evidence showing the application of payments made by a mortgagor, credits for which were made on the books of the mortgagee since deceased, it is error to apply the payments to three mortgages. to the exclusion of another.

2. SAME.

A payment indorsed on a mortgage before maturity, by one not a party, "to keep the bonds from outlawing" when no money was actually paid, cannot be considered in determining the application of subsequent payments.

Appeal from Sullivan county court.

Action by G. Byron Gillett, as administrator, etc., of Joseph A. Gillett, deceased, against Darius Depuy and others, to foreclose mortgages. From an interlocutory judgment, plaintiff appeals. Reversed.

The defendants Darius Depuy and wife executed and delivered to Joseph A. Gillett, May 1, 1866, a bond and mortgage to secure the payment of $555, and interest in one year. They also executed and delivered to Joseph A. Gillett a bond and mortgage, May 1, 1872, to secure the payment of a further sum of $1,070, and interest; no part of the principal of which became due before May 1, 1877. The defendant Darius Depuy, subsequent to the giving of the last of these mortgages, executed and delivered to Gillett a chattel mortgage on which there was due, May 1, 1877, $210.77, and on May 1, 1877, another chattel mortgage for $500. Joseph A. Gillett died in 1897, and prior to the bringing of this action. No payments are indorsed on either of the real-estate mortgages, and there are no indorsements of either of the bonds in the handwriting of the deceased, except interest on the first bond for the first four years, to 1870. An entry in the books of Joseph A. Gillett shows the amount due on the two real-estate mortgages, on May 1, 1877, to have been $2,132.54, which the county court accepted as correct. Joseph A. Gillett received from Darius Depuy, after May 1, 1877, sums of money, from time to time, down to December 1, 1896, and gave credit therefor in his books, but did not make application of the money in payment upon either real estate or chattel mortgages. In November, 1896, one William W. Smith indorsed on the 1866 bond interest from 1871 to 1881, and on the bond of 1872 indorsed, "Received on the within bond and accompanying mortgage five hundred dollars on the 1st day of May, 1877;" and a further indorsement was then made by him of $215, as paid March 18, 1889. These indorsements he made "to keep the bonds from outlawing."

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

W. J. Groo, for appellant.
R. R. Jelliff (T. F. Bush, of counsel), for respondents.

KELLOGG, J. Some evidence was given on the trial tending to establish two settlements between the deceased and defendant Darius Depuy of all their accounts, and fixing the sum unpaid on the two real-estate mortgages, one settlement in 1891, and one in 1896. Presumably at these settlements, if they were had, the parties fixed upon the proper application of the sums of money prior to those dates paid, and determined what should be applied upon the chattel mortgages, and what upon the real-estate mortgages. But, if the evidence of the settlements is to be deemed unsatisfactory and insufficient, then it became an open question, and the defendant was at liberty to make proof of all actual payments made upon the mortgages sought to be foreclosed. The county court appears to have decided that the evidence bearing upon settlement was insufficient, and I do not think we are called upon to determine whether or not this was error, or whether the weight of evidence does not support the contention of plaintiff upon that question, for the reason that the case must be tried over.

I do not think the decision can be maintained because of the obvious errors committed in crediting all the money shown to have been paid upon the two real-estate mortgages and one chattel mortgage. The case does not disclose any reason whatever for ignoring the chattel mortgage of $500, given May 1, 1877. This would seem to stand at least as well as the chattel mortgage footed at $210.77 on May 1, 1877, which the county court allowed as one of the claims upon which the money was paid.

The defendant, for proof of payment, had resort to the books of account of the deceased, giving him credit from time to time on account for items of money, etc., received, and apparently this was his sole proof, except as to one check. To say that these payments should be applied upon one chattel mortgage, and not upon the other, was an unwarranted discrimination. There was nothing in the proof to support it. There is no evidence that the $500 chattel mortgage, given May 1, 1877, was ever paid, otherwise than by these items credited to defendant on the books of the deceased. It is evident from that portion of the testimony given touching settlement, which the defendant did not deny, that the whole indebtedness, by both chattel and real-estate mortgages, was treated by all parties as a simple lump sum, and such payments, by way of money or otherwise, as were made, were to apply indiscriminately upon the whole of this lump indebtedness. The proper basis for computation, therefore, was not the amount of the two real-estate mortgages and one chattel mortgage on May 1, 1877, but the amount on that date of the four mortgages,—the two real-estate mortgages and the two chattel mortgages,—or else so much of payments appearing on the books of deceased as necessary should have been first applied to extinguish the $500 chattel mortgage. I do not think importance should be given to the indorsement of $500 on the real-estate mortgage as of May 1, 1877. This indorsement was made by the witness Smith in November, 1896, he says, to keep the mortgage alive. No money was paid at the time of the indorsement. On May 1, 1877, no portion of the principal was due, and only interest for five years. In the light of this testimony, it is hardly to be presumed that the defendant paid in advance of the maturity of his obligations. If the chattel mortgage was given for property or other loan of money, or if it was given as additional security, or given as a cover for defendant's benefit, and never had a valid inception, it should not have been indorsed on the real-estate mortgage. In any event, if it ever represented an actual sum owing by defendant to deceased, its payment is nowhere shown, independent of the sums of money or items credited to defendant on the books of the deceased.

I think the interlocutory judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.